(116 So. 320)

## CORINTH BANK & TRUST CO. v. GENTRY et al. (8 Div. 562.)

Court of Appeals of Alabama. Jan. 10, 1928.

Rehearing Denied Jan. 31, 1928.

Williams & Chenault, of Russellville, for appellant.

K. V. Fite, of Hamilton, and Stell & Quillin, of Russellville, for appellees.

BRICKEN, P. J. Appellant, Corinth Bank & Trust Company, is a bank lending money to its customers, and has its principal place of business in the city of Corinth, in the state of Mississippi.

Appellees, L. J. Gentry and C. G. Keller, were customers of H. R. Feltman & Co. and of J. J. Lawler. Lawler was indebted to Corinth Bank & Trust Company, and H. R. Feltman & Co. were also indebted to said bank. A note and mortgage executed by L. J. Gentry to J. J. Lawler on February 24, 1923, was transferred and assigned to the Corinth Bank & Trust Company, as collateral security for his debt to said bank. A note executed by C. G. Keller on April 3, 1922, to H. R. Feltman & Co. was also transferred and assigned to said bank as collateral security for the debt of J. J. Lawler to said bank.

The note and mortgage from L. J. Gentry was due and payable October 15, 1922. The note of C. G. Keller was due and payable October 15, 1922. November 30, 1923, L. J. Gentry delivered to J. J. Lawler one bale of cotton of the value of $193.75. At that time the amount due on his note and mortgage was $155.55. J. J. Lawler paid said Gentry $28.20 difference by check. This transaction appears from the record before us to have been indorsed either upon the note and mortgage of L. J. Gentry or upon the note of C. G. Keller. October 14, 1922, C. G. Keller paid J. J. Lawler $48.75 in full for his note.

J. J. Lawler was doing business at Hodges, Ala., which was a short distance away from Corinth, Miss. J. J. Lawler became involved in financial difficulties and was unable to pay his indebtedness to the Corinth Bank & Trust Company. Said company brought its respective suits against said Gentry and said Keller upon their respective obligations. They each, respectively, set up the defense of payment. The cases were tried before the court without jury, and judgment was first rendered by the court in behalf of plaintiff, the Corinth Bank & Trust Company, which judgments were subsequently set aside and held for naught upon motions for a new trial filed by each of the respective defendants. From the judgment granting the motion for new trial, in each respective case, the present appeal is taken.

The sole question presented by this record is whether or not J. J. Lawler had the authority to receive payment of the respec-

tive obligations sued on. There is no dispute but that he received from Keller and said Gentry full payment of their respective obligations. There was testimony tending to show that Lawler had no authority to receive payment of said obligations; and there was testimony tending to show that he did have the authority from the Corinth Bank & Trust Company to collect these obligations, and there is further evidence tending to show that he transmitted said collections to said bank. An officer of the bank testified that neither of said obligations was ever in the hands of J. J. Lawler after the same had been assigned to said bank. The record before us shows an indorsement made by J. J. Lawler of his transaction with L. J. Gentry by which Gentry's debt was paid in full. If the record correctly presents this transaction, the indorsement could not have been made by J. J. Lawler on an obligation which was not in his possession.

The trial court had the advantage of seeing and hearing some of the witnesses testify, and, after hearing and seeing said witnesses, he granted the motion for a new trial. This court, under these conditions, is unwilling to say that the trial court erred in granting said motion. The judgment of the lower court is accordingly affirmed.

Affirmed.